**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES D. LEWIS, # B-52327,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-546-MJR** |
| | ) | |
| **SANDRA FUNK, K. WALLER, J. MILEUR, UNKNOWN PARTY 1, C. COLEMAN, UNKNOWN PARTY 2, and BATEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James D. Lewis, an inmate in the Pontiac Correctional Center ("Pontiac"), brings this this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose during his transfer from Menard Correctional Center ("Menard") to Pontiac on February 22, 2012. This case is now before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2).

Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence

[1] As of May 1, 2013, the Judicial Conference of the United States added a new $50.00 administrative fee to all civil actions filed on or after that date. This fee does not apply to persons granted IFP status, thus the filing fee remains $350.00 when a motion to proceed IFP is approved. However, if IFP status is denied, the plaintiff will be assessed the full $400.00 filing fee.

must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides

further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of the Northern District of Illinois discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Lewis v. Dart*, Civil No. 10-4247 (N.D. Ill. July 22, 2010); *Lewis v. Alvarez, et al*, Civil No. 10-4540 (N.D. Ill. July 29, 2010); *Lewis v. State of Illinois*, Civil No. 12-1023 (N.D. Ill. June 27, 2012) (Plaintiff was advised by the court that this strike was his third). Because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. Plaintiff alleges that when he was put on the transfer bus on February 22, 2012, he requested to be secured in a seat belt because he has a seizure disorder (Doc. 1, p. 4). Plaintiff had been injured during an earlier transfer bus trip when he had a seizure and fell on his handcuffs and shackles. Defendant Waller laughed and denied Plaintiff's request. As he feared, Plaintiff suffered a seizure during the bus ride. He hurt his back and neck, and urinated on himself. He was denied permission to see a nurse when the bus arrived at Logan Correctional Center. Upon arriving at Pontiac, he was given no immediate medical attention, but was told to put in a request for sick call. He did so, and was seen by the doctor on February 25, 2012. Plaintiff's only allegation regarding current problems is that he has "been in a lot of pain" (Doc. 1, p. 5). He adds that inmates are discriminated against by the failure to use seat belts on the transfer buses, and this creates a health and safety hazard.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he is not entitled to proceed IFP in this action. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **thirty-five (35) days** of the date of entry of this Order (**on or**

**before August 5, 2013**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Further, if the fee is not paid in full, an order shall be entered directing payment of the filing fee pursuant to 28 U.S.C. § 1915(b). *See Newlin v. Helman*, 123 F.3d 429, 438 (7th Cir. 1997).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: July 1, 2013**

s/ MICHAEL J. REAGAN_
United States District Judge