## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES D. LEWIS, # B-52327,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-546-MJR** |
| | ) | |
| **SANDRA FUNK, K. WALLER,** | ) | |
| **J. MILEUR, UNKNOWN PARTY 1,** | ) | |
| **C. COLEMAN, UNKNOWN PARTY 2,** | ) | |
| **and BATEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

This matter is now before the Court on Plaintiff's July 8, 2013, motion (Doc. 6) to reconsider the denial of leave to proceed *in forma pauperis* ("IFP"). After reviewing the allegations in Plaintiff's complaint, this Court denied him leave to proceed IFP on July 1, 2013 (Doc. 5). Plaintiff has accumulated three "strikes" for having previous lawsuits dismissed as frivolous or lacking merit, and the Court determined that his allegations in this action did not show that he is under imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g). Plaintiff's claims arise from a February 22, 2012, incident when he was injured on a transfer bus that took him from Menard Correctional Center to Pontiac Correctional Center. He was hurt because he had a seizure and fell on the bus, after staff had refused to place him in a seat belt. At the time he filed the instant complaint, Plaintiff was no longer housed at Menard, but was incarcerated at Pontiac, where he remains.

In his reconsideration motion, Plaintiff states for the first time that he has been injured more than ten times on transfer buses under similar circumstances, because he had many

court writs that required him to be transported from Menard to Stateville (Doc. 6, p. 1).  His injuries included the loss of a tooth.  He goes on to say that at his current prison, he has requested protective custody, and if he is denied he will be forced into the same situation with the transfer buses.  He speculates that he will face no choice but to refuse to get on the bus, and could thereby be subject to physical abuse by prison staff (Doc. 6, p. 2).  In addition, if he is on a bus without safety restraints, he could be seriously injured if the bus were to flip over.  None of these allegations were included in the complaint.  Plaintiff concludes by saying that he wants to file an interlocutory appeal (presumably in the event this Court declines to grant his motion).

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b).  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).  Rule 59(e) permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available.  *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).  Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion.

Plaintiff's motion was timely filed under either Rule.  The grounds presented fall most closely in line with a Rule 59(e) motion, as he argues that the Court made a legal and/or factual error in denying leave to proceed IFP.  However, Plaintiff bases his argument on new factual allegations that he could have included in his original pleading, but did not.  These

newly-presented facts are not "newly discovered evidence" that only became available to him after he commenced this action. Rule 59(e) cannot be used to present evidence that could have been presented before the challenged order was entered. *Sigsworth*, 487 F.3d at 512. Furthermore, none of the arguments suffice for relief from judgment under Rule 60(b). Therefore, upon reconsideration, the Court is satisfied that the denial of leave to proceed IFP was correct.

A motion pursuant to Rule 59(e) or Rule 60 is also not a proper way to seek to amend a pleading to include new allegations. Plaintiff has not sought leave to amend, but even if he were to present these new claims in an amended pleading, the outcome in this case would be the same. Plaintiff's allegations of past harm do not suffice to satisfy the imminent danger requirement of § 1915(g). And since Plaintiff was no longer housed at Menard at the time he filed this action, the possibility of hours-long bus rides to Stateville to appear on court writs appears to be eliminated. Even if the Court were to consider the newly-pled facts, none of these additional allegations indicate that Plaintiff's past injury is likely to recur. Finally, Plaintiff's new assertions that he is currently facing danger due to circumstances at Pontiac cannot be remedied through the present action, which is based upon events in 2012 and names only Defendants from Menard and Stateville, not Pontiac. If Plaintiff has a claim involving imminent danger due to the actions of Pontiac officials, such a claim belongs in a new lawsuit, filed in the proper judicial district.

To summarize, Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended order under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). Therefore, the motion to reconsider the IFP denial (Doc. 6) is **DENIED.**

When the Court denied leave to proceed IFP, Plaintiff was ordered to pay the $400.00 filing fee for this action in full no later than August 5, 2013 (Doc. 5). He was warned that failure to comply with that order would result in dismissal of this case. The August 5 deadline has now passed. Plaintiff has made no effort to pay, nor has he indicated that he has the ability to pre-pay the fee in the event his reconsideration motion is denied. Therefore, the Court finds no reason to extend Plaintiff's payment deadline, or to delay the entry of a final, appealable judgment.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice for failure to pre-pay the filing fee. Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee for this action as follows. The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Pontiac Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED: August 26, 2013**

s/ MICHAEL J. REAGAN
United States District Judge